```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA                                               :
                                                                       :
           -v-                                                         :    19-CR-49-1 (JMF)
                                                                       :
YIRAN BRITO,                                                           :    MEMORANDUM OPINION
                                                                       :         AND ORDER
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 24, 2024, Defendant Yiran Brito, proceeding without counsel, filed a motion challenging his sentence. *See* ECF No. 69. Although Brito purports to move for a correction of his sentence pursuant to 28 U.S.C. § 2241, the relief he seeks is — with one exception — properly sought pursuant to 28 U.S.C. § 2255, as he challenges the *imposition*, rather than the *execution*, of his sentence. *See, e.g.*, *Adams v. United States*, 372 F.3d 132, 134-35 (2d Cir. 2004); *Ocasio v. United States*, No. 08-CV-1305 (DAB), 2013 WL 310388, at *3 (S.D.N.Y. Jan. 25, 2013). Brito's time to seek relief pursuant to Section 2255, however, lapsed years ago, as judgment was entered on February 13, 2020. *See* ECF No. 49; *see also* 28 U.S.C. § 2255(f)(1) (providing, as relevant here, that a motion must be filed within one year from the date on which the judgment of conviction becomes final); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Accordingly, to the extent that Brito argues that the Court erred in calculating his Guidelines range at the time of sentencing, or alleges ineffective assistance of counsel for failing to make those arguments at the time, his motion must be and is denied as time barred.

Brito also argues that he is entitled to a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023,

and applies retroactively.  That relief is properly sought pursuant to 18 U.S.C. § 3582(c)(2), not Sections 2241 or 2255.  "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1.10(b)(1).  U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."  Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2).  *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, Defendant is ineligible for a reduction in his sentence in light of Application 821.  At sentencing, Defendants' offense level was 31 and his Criminal History Category was III, yielding a Guidelines range of 135 to 168 months' imprisonment.  *See* ECF No. 50, at 5.  Had Amendment 821 been in effect, Defendants' Criminal History Category would have been II, as he would not have received "status" points pursuant to U.S.S.G. § 4A1.1(d), and his Guidelines range would have been 121 to 151 months' imprisonment.  *See* U.S.S.G. Ch. 5, Pt. A.  His sentence of 100 months' imprisonment, however, fell below the low end of that range.  Accordingly, to the extent that he seeks a reduction of his sentence pursuant to Amendment 821, his motion must be and is denied as meritless.

As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, this Court certifies, pursuant to

Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

For the foregoing reasons, Defendant's motion — construed as motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582 — is DENIED.  The Clerk of Court is directed to terminate ECF No. 69 and to mail a copy of this Memorandum Opinion and Order to:

> Yiran Brito
> Register No. 86553-054
> FCI McKean
> P.O. Box8000
> Bradford, PA 16701

SO ORDERED.

Dated: April 25, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3